JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CIV 7232

-------------------------------------------------------X

DAVID N LEISER, individually and on behalf
the class defined herein,

Plaintiffs,

**CLASS-ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

v.

COHEN & SLAMOWITZ, LLP and
CAPITAL ONE BANK (USA), N.A.

Defendants.

-------------------------------------------------------X

Plaintiff, by its attorney The Law Offices of Shimshon Wexler, P.C., as and for its

complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal

Rules of Civil Procedure, all others similarly situated alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and

collection practices engaged in by defendants Cohen & Slamowitz, LLP ("Cohen &

Slamowitz") and Capital One Bank (USA), N.A. ("Capital One"). Plaintiff alleges violations of

the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State

General Business Law §349 ("GBL 349") for deceptive practices.

2.      The FDCPA broadly prohibits unfair or unconscionable collection

methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e

and 1692f. The GBL §349 prohibits deceptive practices in business.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §1367.

4.      Venue and personal jurisdiction in this District are proper because:

      a.      The events giving rise to this action occurred within this District;

      b.      Defendants do business within this District.

## PARTIES

5.      Plaintiff, David Leiser ("Leiser"), is an individual who resides in Rockland County, New York.

6.      Defendant, Cohen & Slamowitz LLP, is a limited liability corporation chartered under New York law with offices at 199 Crossways Park Drive, Woodbury, New York 11797.

7.      Defendant, Capital One Bank (USA), N.A., is a banking entity and/or a corporation with headquarters at 1680 Capital One Drive in Mclean, Virginia 22102.

8.      Upon information and belief, Cohen & Slamowitz is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

9.      On or about June 12th 2012, a complaint was filed, with an index number of 033099/2012, in the Supreme Court of the State of New York, County of Rockland captioned "Capital One Bank (USA), N.A. –against- David N Leiser" for $1,426.77 for breach of a credit card agreement. The complaint was signed by the law firm of Cohen & Slamowitz. See Exhibit A.

10.     At all relevant times Cohen & Slamowitz was acting in concert with Capital One in order to collect this debt.

11.     After the state court lawsuit was filed but before a judgment was rendered against plaintiff or before the state court complaint was dismissed, the new balance that Capital One together with Cohen & Slamowitz were seeking was $1,666.77.

12.     Upon information and belief, after the lawsuit was filed, plaintiff was now being charged $210 for the cost of the index number which is the current correct cost of an index number in the Supreme Court of the State of New York.

13.     The lawsuit filed against plaintiff could have been brought in a Justice Court because it was seeking less than $3,000.

14.     The Civil Practice Law and Rules ("CPLR") are the applicable rules for cases brought in the Supreme Court of the State of New York.

15.     Because the action was brought against plaintiff in the Supreme Court of the State of New York, the CPLR contains the applicable rules.

16.     The CPLR § 8102 entitled "Limitation of Costs Where Action Brought in Higher Court" states that "A plaintiff is not entitled to costs:.....

2. In an action brought in the supreme court in a county not within the city of New York which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, unless he shall recover five hundred dollars or more."

17.     After the state court complaint was filed, Capital One had not recovered any money from plaintiff as the lawsuit is currently still pending.

18. Nevertheless the balance on plaintiff's account was $1,666.77 which included the cost of purchasing the index number.

19. Charging a consumer for the costs in an action which could have been brought in a court of lower monetary jurisdiction is directly not allowed by the statute unless $500 has been recovered.

20. Defendant's conduct was willful.

21. It is the policy of New York to have a money action brought in the lowest court jurisdiction competent to entertain it. This policy is effectuated by certain penalties and incentives delineated in CPLR § 8102 which does not allow costs in a situation such as plaintiff's.

22. Defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

23. Fling a state court complaint for under $3,000 in the Supreme Court and then charging a fee for the index number is a standard procedure of the Defendants.

24. There have been more than 50 occurrences where Capital One together with Cohen & Slamowitz brought a claim seeking less than $3,000 was filed in the Supreme Court in a County where a Justice Court sits during the last 12 months and a Supreme Court index fee was charged prior to a judgment being obtained.

25. There have been more than 50 occurrences where Capital One together with Cohen & Slamowitz brought a claim seeking less than $3,000 was filed in the Supreme Court in a County where a Justice Court sits during the last 12 months and a Supreme Court index fee was charged prior to a judgment being obtained.

**CLAIMS FOR RELIEF**

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against Cohen & Slamowitz)

26.     Plaintiff incorporates by reference paragraphs all of the preceding paragraphs of this Complaint as though fully stated herein.

27.     The conduct of Cohen & Slamowitz in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

28.     Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

> (2) The false representation of-
>
> (A)the character, amount, or legal status of a debt.
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692f entitled Unfair Practices provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29.     By acting as it did, Cohen & Slamowitz violated the above quoted provisions of the statute because it contained a falsely inflated balance.

30.     By adding unlawful costs to plaintiff's balance Cohen & Slamowitz violated the above quoted provision of the statute.

31.     As a result of the illegal conduct of Cohen & Slamowitz, plaintiff is entitled to statutory damages pursuant to 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

### (Against Cohen & Slamowitz and Capital One)

32.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

33.     The conduct of Cohen & Slamowitz and Capital One in charging unlawful fees constitutes deceptive or materially misleading activity that is directed at consumers and caused consumers to suffer financial injuries of having increased debt.

34.     As a result of the unlawful fees which the defendants willfully and intentionally imposed, plaintiff is entitled to damages pursuant to GBL § 349 of $50 plus $630 which is three times the $210 charge which was unlawfully assessed.

## CLASS ALLEGATIONS

35.     Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

36.     The first class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York for a

consumer debt (d) for less than $3,000 (e) where there is a Justice Court or other lower Court to adjudicate the dispute (f) in which Cohen & Slamowitz is the attorney for Capital One (g) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (h) an index fee was imposed on the debtor prior to a judgment being entered (i) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

37.    The second class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York for a consumer debt (d) for less than $3,000 (e) where there is a Justice Court or other lower Court to adjudicate the dispute (f) in which Cohen & Slamowitz is the attorney for Capital One (g) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (h) an index fee was imposed on the debtor prior to a judgment being entered (i) on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

38.    Each class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members in each class.

39.    There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question as to each class is whether the activities of the defendant(s) violate the FDCPA and/or the GBL 349.

40.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

41.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation and consumer related claims.

42.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.  individual actions are not economically feasible;

      b.  members of the class are likely to be unaware of their rights;

      c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendants for:

      (1)    Statutory damages and actual damages;

      (2)    Attorney's fees, litigation expenses and costs of suit;

      (3)    Such other and further relief as the Court deems proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      September 23, 2012

                    **The Law Offices of Shimshon Wexler, PC**

                    By: _____

Shimshon Wexler
*Attorney for Plaintiff*
PO Box 250870
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

<u>**NOTICE OF ASSIGNMENT**</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
                            Shimshon Wexler

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------X
CAPITAL ONE BANK (USA), N.A.

                   PLAINTIFF,                INDEX NUMBER

-AGAINST-                               C&S FILE NO. N856691

DAVID N LEISER

                   DEFENDANT(S).        COMPLAINT
-------------------------------------------------------X

        PLAINTIFF, BY ITS ATTORNEYS, COMPLAINING OF THE DEFENDANT(S), RESPECTFULLY
ALLEGES THAT:

        1.      PLAINTIFF IS A NATIONAL BANKING ASSOCIATION ORGANIZED PURSUANT TO
FEDERAL LAW.

        2.      UPON INFORMATION AND BELIEF, THE DEFENDANT(S) RESIDES OR HAS AN
OFFICE IN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, OR THE DEFENDANT(S)
TRANSACTED BUSINESS WITHIN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, EITHER IN
PERSON OR THROUGH AN AGENT AND THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID
TRANSACTION.

### AS AND FOR A FIRST CAUSE OF ACTION

        3.      PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION
CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

        4.      PLAINTIFF OFFERED TO OPEN A CREDIT ACCOUNT, ACCOUNT NO.
XXXXXXXXXXXX5606 (HEREINAFTER THE ACCOUNT), IN DEFENDANT'S NAME.

        5.      DEFENDANT ACCEPTED THE OFFER BY USING THE ACCOUNT.

        6.      DEFENDANT DEFAULTED BY FAILING TO MAKE PAYMENTS WHEN DUE.

        7.      DEMAND FOR PAYMENT OF THE ACCOUNT WAS MADE ON DEFENDANT, BUT
DEFENDANT FAILED TO MAKE ALL THE REQUESTED PAYMENTS.

        8.      AFTER CREDITING DEFENDANT FOR ALL PAYMENTS AND CREDITS, THERE IS
NOW DUE AND OWING BY DEFENDANT TO PLAINTIFF THE SUM OF $1,426.77, NO PART OF WHICH
HAS BEEN PAID DESPITE DUE DEMAND THEREFOR.

UNOFFICIAL COPY